```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

PATRICIA DAVIDSON COWAN,

                    Plaintiff,

vs.                                  Case No.  2:09-cv-472-FtM-29SPC

MTGLQ  INVESTORS,  L.P.  and  their
officers and directors, successors
and/or assigns; THE LAW OFFICES OF
SMITH, HIATT & DIAZ, P.A. and their
officers and directors, successors
and/or  assigns;  ROBERT  A.  SMITH;
VIRGINIA R. HIATT; DIANA B. MATSON;
WELLS FARGO BANK MINNESOTA, N.A. as
Trustee  under  that  certain  Pooling
and Servicing Agreement dated as of
9/1/97, for Southern Pacific Secured
Assets Corp., Mortgage Loan Asset-
Backed   Pass-Through   Certificates
1997-3  and  their  officers  and
directors, successors and/or assigns
formerly  known  as  Norwest  Bank
Minnesota, N.A.; THE LAW OFFICES OF
CODILIS & STAWIARSKI, P.A. and their
officers and directors, successors
and/or  assigns;  ERNEST  J.  CODILIS
individually;  LEO  C.  STAWIARSKI
individually; THE LAW OFFICES OF
SCOTT WEINSTEIN of Weinstein, Bavly
& Moon, and their officers and
directors,    successors    and/or
assigns;  MORCAP,  INC.,  ISAOA  and
their   officers   and   directors,
successors and/or assigns; ADVANTA
MORTGAGE  CORP.,  USA  and  their
officers and directors, successors
and/or  assigns;  FIDELITY  & DEPOSIT
INSURANCE COMPANY and their officers
and  directors,  successors  and/or
assigns;  CHASE  MANHATTAN  MORTGAGE
CORPORATION and their officers and
directors,    successors    and/or
assigns; EMPIRE INDEMNITY INSURANCE
COMPANY  and  their  officers  and
directors,    successors    and/or
```

assigns; ZC STERLING INSURANCE AGENCY, INC. and their officers and directors, successors and/or assigns; MICHAEL C. SEMINARIO Producing Agent; GMAC MORTGAGE CORPORATION and their officers and directors, successors and/or assigns; FIRST MORTGAGE LOAN SERVICING and their officers and directors, successors and/or assigns; BALBOA INSURANCE COMPANY and their officers and directors, successors and/or assigns; UNDERWRITERS AT LLOYD'S, LONDON through coverholder, WNC Insurance Services, Inc., and their officers and directors, successors and/or assigns; OCWEN LOAN SERVICING, LLC and their officers and directors, successors and/or assigns (collectively referred to as OCWEN); SCOTT WEINSTEIN attorney with Weinstein, Bavly & Moon Professional Association; ECHEVARRIA & ASSOCIATES, P.A. and their officers and directors, successors and/or assigns; STEPHEN D. HURM Attorney at Law; MARK A. BRODERICK Attorney at Law; ERIN COLLINS CULLARO Attorney at Law; SEAN-KELLY XENAKIS Attorney at Law; ELIZABETH T. FRAU Attorney at Law; SCOTT D. STAMATAKIS Attorney at Law; AMERICAN SECURITY INSURANCE COMPANY and their officers and directors, successors and/or assigns; HOME SERVICING, LLC and their officers and directors, successors and/or assigns; ELIZABETH R. WELLBORN, P.A.,

                                   Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on various motions to dismiss plaintiff's First Amended Complaint (Docs. ## 99; 100; 101;

103; 104; 105; 114 and 121); a Motion to Quash and Incorporated Memorandum of Law of Defendant ZC Sterling Insurance Agency, Inc. (Doc. # 113); as well as the Court's review of the First Amended Complaint (Complaint) (Doc. #97) filed on October 5, 2010.

**I.**

The Court will first address ZC Sterling Insurance Agency's (ZC Sterling) Motion to Quash. (Doc. #113.) ZC Sterling asserts that plaintiff did not properly serve it pursuant to the Florida Civil Practice Rules nor did she serve it in a timely manner. In her Response, Plaintiff does not contend that ZC Sterling has been properly served, nor has she shown good cause for the failure to serve ZC Sterling. (Doc. #116, p. 3.) Thus, the Court will dismiss without prejudice any claim against ZC Sterling. See Fed. R. Civ. P. 4.

**II.**

The Court now turns to the specific allegations of the Complaint. This Complaint appears to concern two foreclosure actions on plaintiff Patricia Davidson Cowan's (plaintiff or Cowan) home. The Court deciphers the following facts from the Complaint: In or about 2000, Defendant Wells Fargo Bank Minnesota (Wells Fargo) filed a foreclosure action against plaintiff in the Circuit Court of the Twentieth Judicial Circuit of Florida. The 2000 foreclosure action was dismissed with prejudice and plaintiff's mortgage was reinstated as of the date the foreclosure action was

filed. Plaintiff's mortgage was then assigned several times to different entities, some of whom are also defendants, and eventually was assigned to Defendant MTGLQ Investors, LP (MTGLQ). Plaintiff asserts that Wells Fargo, and the subsequent assignees, committed various types of fraud by charging plaintiff for flood and hazard insurance, when she already carried flood and hazard insurance through a different carrier. (Doc. #97, p. 48.) Then, on or about October 27, 2005, Defendant MTGLQ filed a second foreclosure complaint. According to plaintiff, on or about April 23, 2007, the second foreclosure complaint was dismissed without prejudice and MTGLQ was granted leave to amend. (Id. at p. 40.)

In the eighteen-count Complaint, plaintiff repeatedly alleges that the second foreclosure action violated "collateral estoppel" which the plaintiff argues constitutes double jeopardy in violation of the Fifth Amendment; that it was a malicious prosecution; that Wells Fargo along with the other mortgage servicing companies were an "enterprise" constituting a conspiracy that engaged in extortionate credit transactions, embezzlement, and financial institution fraud which involves the collection of "unlawful debt", "fraudulent litigation threats" in violation of civil Racketeer Influenced and Corrupt Organizations (RICO) laws; insurance fraud; and malpractice. (Doc. #97, pp. 86-143.)

### III.

Despite the Court's September 14, 2010 Opinion and Order (Doc. #95), which detailed the deficiencies of plaintiff's original complaint, the First Amended Complaint does not conform to the pleading requirements of Federal Rule of Civil Procedure 8 and 10 by providing a _short_, plain statement regarding the relief sought. In fact, the First Amended Complaint contains more paragraphs than the original complaint, (Compare Doc. #1 with Doc. #97), yet still fails to provide the information requested.

Plaintiff also makes allegations of fraud which do not meet the heightened requirements of Federal Rule of Civil Procedure 9. Federal Rule of Civil Procedure 9(b) requires fraud allegations to be plead "with particularity." "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006). "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006)(quotation marks omitted); Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir.

2001)(citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when[,] where, and how:  the first paragraph of any newspaper story." Garfield, 466 F.3d at 1262 (citations omitted).  "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 549 U.S. 810 (2006).

Plaintiff is proceeding *pro se* and as such her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court finds that plaintiff shall receive one <u>final</u> chance to amend her complaint to properly allege her claims.  In so doing, plaintiff should adhere to the following instructions and bear in mind the following rules of law.  The amended complaint should be entitled the "Second Amended Complaint".  In the Second Amended Complaint plaintiff must make clear which counts apply to which defendants.  Additionally, plaintiff must not reallege claims that the Court has held fail as a matter of law.

**RICO Claims**

As stated previously, the statute of limitations for a RICO claim is "four years from the date the plaintiff knew it was injured." Pac. Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1251 (11th Cir. 2001)(citing Rotella v. Wood, 528 U.S.

549, 552-53 (2000)). Additionally, plaintiff must allege the four requirements of 18 U.S.C. § 1962(c)[1], and the two requirements of 18 U.S.C. § 1964(c).[2] Williams v. Mohawk Indus., 465 F.3d 1277, 1282-1291 (11th Cir. 2006). In order for plaintiff's Second Amended Complaint to survive a motion to dismiss, she must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. See Central Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183-84 (6th Cir. 1993).

Plaintiff alleges that the filing of the second foreclosure action constituted "financial institution fraud", "fraudulent mortgage foreclosure", "fraudulent litigation threat", a malicious prosecution, and violated her rights under "collateral estoppel" as embodied by "Double Jeopardy" pursuant to the Fifth Amendment of the Constitution and Florida Statute § 910.11. As the Complaint is currently pled, plaintiff cannot state a RICO claim predicated on any of these causes of action.

**Financial Institution, Mortgage Fraud, and Fifth Amendment Claims**

Although the complaint has eighteen counts, many of them complain of the same conduct and cite the same law. Plaintiff's

---

[1] (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.

[2] (1) the requisite injury in plaintiff's business or property, and (2) that such injury was "by reason of" the substantive RICO violation.

financial institution fraud and mortgage fraud claims allege that the assignments of her loan and the subsequent second foreclosure action were both fraudulent. However, plaintiff does not allege precisely what was done fraudulently. Plaintiff only alleges that the mortgage assignment was "fictitious" and that the second mortgage foreclosure was "(Bogus) perjured, falsified, fraudulent". (Doc. #97, ¶186.) Further, plaintiff maintains in these counts that the filing of the second foreclosure action was a violation of her fifth amendment rights.

Plaintiff appears to be applying criminal law (see e.g., Doc. #97, pp. 38, 48, 77) to what she alleges was a fraudulent foreclosure action. Plaintiff repeatedly states that collateral estoppel is embodied in the Fifth Amendment constitutional guaranty against double jeopardy. (See e.g., p. 120.) However, double jeopardy does not apply to foreclosure actions. See Fla. Stat. § 910.11; see also De La Teja v. United States, 321 F.3d 1357, 1364 (11th Cir. 2003)(citing Breed v. Jones, 421 U.S. 519, 528-30 (1975)). Thus, any double jeopardy or Fifth Amendment claims fail as a matter of law, and will be dismissed with prejudice.

**Fraudulent Litigation Threat Claims**

Plaintiff's "fraudulent litigation threat" claims appear to be a repackaging of her previous Fair Debt Collection Practices Act (FDCPA) and Florida's Consumer Collections Practices Act (FCCPA) claims based on the two foreclosure actions. However, as

previously stated, (see Doc. #95, p. 10), foreclosing on a home is not debt collection pursuant to the FDCPA and thus, one cannot state a claim under the FDCPA or FCCPA based on a foreclosure action. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009); see also Trent v. Mortgage Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1360-61 (holding that the rationale espoused under FDCPA precedent should apply with equal force to FCCPA cases).

**Malicious Prosecution Claims**

In its September 14, 2010 Opinion and Order, the Court explained the elements of a malicious prosecution claim. (Doc. #95, p. 9.) Plaintiff has failed to state a cause of action for malicious prosecution as she has failed to allege several of its elements, including that there was an absence of probable cause for the original proceeding, and that there was malice on the part of the defendants. See Cohen v. Corwin, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008); Durkin v. Davis, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

In fact, if plaintiff is basing her malicious prosecution claim on the second foreclosure action, which according to her complaint was dismissed without prejudice, her claim would fail as a matter of law because a dismissal without prejudice does not support a finding that proceeding terminated in favor of Cowan. See e.g., Hughes, 350 F.3d at 1161 ("A dismissal without prejudice

is not an adjudication on the merits . . ."); McRae v. Rollins College, No. 6:05cv1767, 2006 WL 1320153, at *3 (M.D. Fla. May 15, 2006)("A dismissal without prejudice does not support a finding that a defendant was a prevailing party.").

Accordingly, it is now

**ORDERED**:

1.  Motion to Quash And Incorporated Memorandum of Law of Defendant ZC Sterling Insurance Agency (Doc. #113) is **GRANTED**.

2.  Defendants' Motions to Dismiss (Docs. ## 99; 100; 101; 103; 104; 105; 114 and 121) are **GRANTED** as set forth above.

3.  All other pending motions are **dismissed as moot**.

4.  The First Amended Complaint (Doc. #97) is **dismissed** without prejudice and with leave to amend.  Plaintiff shall have one final chance to file a "Second Amended Complaint" within **TWENTY-ONE (21) DAYS** in compliance with this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of June, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Patricia Davidson Cowan
Counsel of record

-10-