UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA DAVIDSON COWAN,

                Plaintiff,

vs.                             Case No.  2:09-cv-472-FtM-29SPC

MTGLQ INVESTORS, L.P. and their
officers and directors, successors
and/or assigns; THE LAW OFFICES OF
SMITH, HIATT & DIAZ, P.A. and their
officers and directors, successors
and/or assigns; ROBERT A. SMITH;
VIRGINIA R. HIATT; DIANA B. MATSON;
WELLS FARGO BANK MINNESOTA, N.A. as
Trustee under that certain Pooling
and Servicing Agreement dated as of
9/1/97, for Southern Pacific Secured
Assets Corp., Mortgage Loan Asset-
Backed Pass-Through Certificates
1997-3 and their officers and
directors, successors and/or assigns
formerly known as Norwest Bank
Minnesota, N.A.; THE LAW OFFICES OF
CODILIS & STAWIARSKI, P.A. and their
officers and directors, successors
and/or assigns; ERNEST J. CODILIS
individually; LEO C. STAWIARSKI
individually; THE LAW OFFICES OF
SCOTT WEINSTEIN of Weinstein, Bavly
& Moon, and their officers and
directors, successors and/or
assigns; MORCAP, INC., ISAOA and
their officers and directors,
successors and/or assigns; ADVANTA
MORTGAGE CORP., USA and their
officers and directors, successors
and/or assigns; FIDELITY & DEPOSIT
INSURANCE COMPANY and their officers
and directors, successors and/or
assigns; CHASE MANHATTAN MORTGAGE
CORPORATION and their officers and
directors, successors and/or
assigns; EMPIRE INDEMNITY INSURANCE
COMPANY and their officers and
directors, successors and/or
assigns; ZC STERLING INSURANCE

AGENCY, INC. and their officers and
directors,    successors    and/or
assigns; MICHAEL   C.   SEMINARIO
Producing   Agent;   GMAC   MORTGAGE
CORPORATION and their officers and
directors,    successors    and/or
assigns;  FIRST   MORTGAGE   LOAN
SERVICING  and their officers and
directors,    successors    and/or
assigns; BALBOA INSURANCE COMPANY
and their officers and directors,
successors    and/or    assigns;
UNDERWRITERS   AT   LLOYD'S,   LONDON
through coverholder, WNC Insurance
Services, Inc., and their officers
and  directors,  successors  and/or
assigns; OCWEN LOAN SERVICING, LLC
and their officers and directors,
successors    and/or    assigns
(collectively referred to as OCWEN);
SCOTT   WEINSTEIN   attorney   with
Weinstein, Bavly & Moon Professional
Association;    ECHEVARRIA    &
ASSOCIATES, P.A. and their officers
and  directors,  successors  and/or
assigns; STEPHEN D. HURM Attorney at
Law; MARK A. BRODERICK Attorney at
Law; ERIN COLLINS CULLARO Attorney
at Law; SEAN-KELLY XENAKIS Attorney
at Law; ELIZABETH T. FRAU Attorney
at Law; SCOTT D. STAMATAKIS Attorney
at Law; AMERICAN SECURITY INSURANCE
COMPANY  and  their  officers  and
directors,    successors    and/or
assigns; HOME  SERVICING, LLC and
their  officers  and  directors,
successors and/or assigns; ELIZABETH
R. WELLBORN, P.A.

                    Defendants.
_____


                **OPINION AND ORDER**

        This  matter  comes  before  the  Court  on  various  motions  to

dismiss plaintiff's Second Amended Complaint (Docs. ##137, 139,

142-146); Motions to Strike Responses in Opposition (Docs. ##151, 181); as well as the Court's review of the Second Amended Complaint (Doc. #132) filed on July 7, 2011.  Plaintiff filed responses. (Docs. ##153-158; 169-173.)  Defendants seek to dismiss the Second Amended Complaint with prejudice.  Defendants Echevarria & Associates, P.A., Elizabeth Frau and Erin C. Cullaro (collectively, Echevarria Defendants) also seek to strike plaintiff's responses in opposition to the pending motions to dismiss and the "Plaintiffs' [sic] Sworn Affidavit Proferring [sic] Evidence to be Attached to Second Amended Verified Complaint and any and all Future Complaints and/or Motions and Responses" (Affidavit)(Doc. #149).  For the reasons discussed below, the various motions are granted and this matter is dismissed with prejudice.

## I.

The Court will first address the procedural posture of this case.  Plaintiff, Patricia (Davidson) Cowan (Cowan or plaintiff) initially filed her complaint on July 22, 2009.  (Doc. #1.) The Complaint was 127 pages, 379 paragraphs, and 26 counts.  Following several motions to dismiss and a motion to quash, on September 14, 2010, the Court dismissed the Complaint without prejudice for failure to meet the pleading requirements of Fed. R. Civ. P. 8 and 10.  (Doc. #95.)  The Court, noting Cowan's *pro se* status, took the opportunity to explain in detail plaintiff's responsibilities and obligations regarding filing a proper complaint.  The Court

instructed Cowan to file a "short and plain statement" regarding her claims and provided the plaintiff with the applicable rules of law to assist her in filing her first amended complaint.

Thereafter, Cowan filed her First Amended Complaint on October 5, 2010. (Doc. #97.) The First Amended Complaint contained more paragraphs than the original complaint (Compare Doc. #1 with Doc. #97) yet failed to provide the information requested by the Court. As a result, the Court dismissed plaintiff's First Amended Complaint without prejudice for failure to meet the pleading requirements of Rules 8 and 10. (Doc. #129.) Again, the Court admonished plaintiff to provide a short and plain statement regarding the relief sought. The Court also noted that plaintiff's fraud claims failed to meet the heightened pleading standards of Rule 9. For a second time, the Court explained the applicable law and provided plaintiff with specific instructions for filing her second amended complaint. The Court further instructed that this would be Cowan's "final chance to amend her complaint to properly allege her claims." (Doc. #129, p. 6)(emphasis in original).

Plaintiff filed her Second Amended Complaint on July 7, 2011. (Doc. #132.) The Second Amended Complaint is 124 pages, 426 paragraphs, and contains thirty-six (36) counts.[1] On August 9, 2011, plaintiff filed her Affidavit. (Doc. #149.) The document

---

[1]The Second Amended Complaint states that there are thirty-five counts. However, when numbering her counts, Cowan included "Count #7" twice. (See Doc. #132, pp. 36, 39.)

indicates that it contains evidence which should be considered as an attachment to her Second Amended Complaint and any future pleadings before the Court.  The attachment is ninety-six (96) pages and 204 paragraphs.

Finally, on November 11, 2011, Cowan filed a "Plaintiff's Edited Verified Complaint."  (Doc. #159.)  On November 30, 2011, the Court struck the document noting that its June 17, 2011, Opinion and Order clearly stated that plaintiff would have one final chance to file her Second Amended Complaint.  (Doc. #161.) The Court further noted that the Edited Verified Complaint added new defendants and charges and contained 164 counts, 1,665 paragraphs, and was 452 pages in length without the Certificate of Service.  Finally, the Court noted that Cowan did not seek leave to amend the complaint nor did the Court provide leave.  (Id.)

## II.

The Court now turns to the specific allegations of the Second Amended Complaint which appears to concern two foreclosure actions on Cowan's home.  Although the Second Amended Complaint is largely incomprehensible, the Court discerns the following facts:  In or about 2000, defendant Wells Fargo Bank Minnesota (Wells Fargo) filed an improper foreclosure action against plaintiff in the Circuit Court of the Twentieth Judicial Circuit of Florida. Plaintiff contends that this action was fraudulent because the alleged default was caused by the misuse of his mortgage payments

by defendants Well Fargo, Advanta Mortgage, Fidelity & Deposit Insurance, and Codilis and Stawiarski, P.A. Plaintiff filed a counter-claim in that action. On January 13, 2000, the foreclosure action was dismissed with prejudice and plaintiff's mortgage was reinstated as of the date the foreclosure action was filed.

Thereafter, the mortgage was allegedly fraudulently assigned several times to different entities, including some of the defendants, and eventually was assigned to defendant MTGLQ Investors, L.P. Plaintiff contends that Wells Fargo and the various assignees committed various types of fraud by improperly charging her for flood and hazard insurance, although she already carried flood and hazard insurance through a different carrier. In addition, the various defendants improperly charged her for late fees, and failed to apply her "suspended mortgage payments" back to her mortgage. The Defendants also improperly changed the mortgage payment schedule. (See, e.g. Doc. #132 ¶166.) Then, on or about October 27, 2007, a second foreclosure complaint by was filed against Cowan by MTGLQ. On or about April 23, 2007, the second foreclosure complaint was dismissed without prejudice and MTGLQ was granted leave to amend.

In the thirty-six count Second Amended Complaint, Cowan contends that the various defendants were engaged in an "enterprise" that engaged in extortionate credit transactions, embezzlement, mail fraud, and financial institution fraud and

attempted to collect "unlawful debt" and fraudulently made litigation threats in violation of civil Racketeer Influenced and Corrupt Organizations (RICO) laws. Further, the various defendants committed insurance fraud, malpractice and maliciously prosecuted Cowan. Plaintiff further alleges that the second foreclosure action constituted double jeopardy in violation of the Fifth Amendment to the United States Constitution.

## III.

### A.   Motions to Strike

The Echevarria defendants seek to strike Cowan's Affidavit and her various responses to the pending motions to dismiss. The Echevarria defendants seek to strike the plaintiff's affidavit as an impermissible attempt to amend the complaint. They seek to strike the various responses pursuant to Fed. R. Civ. P. 12(f) as redundant, immaterial, and impertinent to the proceedings. Further, the Echevarria defendants contend that the responses are not a legal memoranda and violate the local rules of the Middle District of Florida. (See generally, Docs. ##151, 181.)

### 1.   Plaintiff's Second Sworn Affidavit

The Second Sworn Affidavit (Doc. #149), read liberally, seeks to amend the Complaint with an additional 96 pages and 204 paragraphs of "proof" supporting the complaint. However, the second sworn affidavit contains no supporting documentation and instead consists solely of additional allegations against the

various defendants.  Nowhere within the lengthy document does Cowan

seek leave to amend the complaint nor does she provide any basis

for the court to find good cause to do so.  This Court has already

provided Cowan with ample opportunity to amend her complaint and is

not inclined to do so again.  Accordingly, the document is stricken

and will not be considered.  The Second Amended Complaint (Doc.

#132) remains the current and operative pleading.

### 2.    Responses to Pending Motions to Dismiss

Plaintiff has filed numerous lengthy responses to the various

motions to dismiss pending before the court.[2]  Each one of the

---

[2]In response to the Echevarria Defendants' Motion to Dismiss
(Doc. #137) Cowan filed two separate one-hundred (100) page
responses.  (Docs. ##155, 173.)  In response to defendant's Ocwen
Loan Servicing, LLC, MTGLQ Investors, L.P., and Elizabeth Wellborn,
Attorney, P.A.'s motion to dimiss (Doc. #142) Cowan filed a ninety-
eight (98) page response (Doc. #156) in addition to a ninety-nine
(99) page response. (Doc. #170.)  Cowan filed a seventy-eight (78)
page response (Doc. #169) to defendant, Home Servicing, LLC's
Motion to Dismiss (Doc. #143).   In response to Chase Manhattan
Mortgage Corporation, and its Officers and Directors, Successors
and/or Assign's Motion to Dismiss (Doc. #145), Cowan filed a sixty-
seven (67) page response (Doc. #154) in addition to two sixty-six
(66) page responses (Docs. ##157, 172).  In response to Wells Fargo
Bank Minnesota, N.A., as Trustee, and its Officers and Directors,
Successors and/or Assigns' Motion to Dismiss (Doc. #146) Cowan
filed a sixty-seven (67) page response (Doc. #153) in addition to
a one-hundred (100) page response (Doc. #171).  In response to the
Echevarria Defendants' Motion to Strike Responses (Doc. #151),
plaintiff filed a 101 page response (Doc. #158.)  Finally, although
the Court dismissed the plaintiff's First Amended Complaint on June
17, 2011, (Doc. #129), on December 16, 2011, plaintiff filed a
sixty-three (63) page response (Doc. #167) and a fifty-two (52)
page response (Doc. #168) to previous motions seeking to dismiss
the plaintiff's First Amended Complaint (See Docs. ## 114, 105,
respectively).  Plaintiff did not file any responses to Docs. ##
139, 144, or 181.

responses fails to comply with the local rules of the Court. Specifically, Local Rule 3.01(b) provides:

> Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in a document **not more than twenty (20) pages.**

Middle District of Florida Local Rule 3.01(b)(emphasis added). Local Rule 3.01(c) provides that motions seeking leave to file a response in excess of twenty (20) pages shall not exceed three (3) pages. All of Cowan's responses greatly exceed this limit. Cowan makes no attempt in any of the eleven (11) relevant responses[3] to request leave to file excess pages. Therefore, all of plaintiff's responses are deficient under the Local Rules of the Court.

Further, under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995).

The Court notes that the various responses provided by Cowan are repetitive of one another. Particularly in the instances where

---

[3]The Court notes that documents 167 and 168 relate to motions to dismiss the First Amended Complaint which has been dismissed by the Court. Therefore, these responses are moot.

plaintiff filed multiple responses to the same motion (See for e.g.
Docs. ##156, 170 in response to Doc. #142 and Docs. #154, 157, 172
in response to Doc. #145) the responses are redundant, at best.
In fact, many of the pleadings are completely identical. (Compare
e.g. Doc. # 155 with Doc.# 157.)  The responses largely consist of
alleged quotations from various correspondence sent by the
defendants although the documents themselves are not attached to
the responses.  They rely greatly on the Affidavit which, as stated
above, has been stricken by the Court and therefore are largely
moot.  The responses ARE nothing more than an attempt by Cowan to
either repeat, or assert, additional allegations against the
various defendants.  In fact, the responses, read liberally, are
more of an attempt at amending the complaint than they are an
attempt to respond to the various motions to dismiss.  Accordingly,
the Echevarria's motions to strike are granted and the responses
are stricken pursuant to Rule 12(f) and as deficient under Local
Rule 3.01(b).

**B.   Motions to Dismiss**

Although the Court, on two separate occasions, detailed the
deficiencies of plaintiff's complaints and provided detailed
instructions on how to cure the various deficiencies, the Second
Amended Complaint does not conform to the pleading requirements of
Federal Rules of Civil Procedure 8 and 10 by providing a short,
plain statement regarding the relief sought.  Although complaints

are construed more liberally in *pro se* actions, Cowan is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The 124-page document contains 427 paragraphs and thirty-six counts. Plaintiff's Second Amended Complaint is a quintessential "shotgun" pleading replete with factual allegations and rambling legal conclusions. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002). The Second Amended Complaint is largely incomprehensible, and palpably frivolous. It is nearly impossible for the Court to discern the specific allegations of the Complaint and the allegations utterly fail to put the defendants on notice as to the substance of the claims they must defend. Further, plaintiff's allegations concerning fraud again fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) which requires fraud allegations to be pled "with particularity."

The Court has gone through great lengths on more than one occasion to outline Cowan's responsibility to comply with the Federal Rules and provided her with specific instructions on how to comply with such rules. Despite this Court's efforts, plaintiff has again filed an insufficient pleading.

Accordingly, it is now

**ORDERED:**

-11-

1.   The Echevarria defendant's Motions to Strike (Docs. ## 151, 181) are **granted** and Documents ## 149, 153-158, and 169-173 are **stricken.**

2.   The Defendants' Motions to Dismiss (Docs. ## 137, 139, 142, 143, 144, 145, 146) are **granted.**

3.   The Second Amended Complaint (Doc. # 132) is **DISMISSED WITH PREJUDICE.**   The Clerk is **directed** to enter judgment accordingly, terminate any previously scheduled deadlines and pending motions and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of March, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record